UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


AMERICAN STATES INSURANCE COMPANY, )
                                    )
            Plaintiff,              )
                                    )
        vs.                         )        No. 4:06CV427-DJS
                                    )
J & F INDUSTRIES, INC., d/b/a       )
Prestige Pools & Spas,              )
KIM CHRISTIANSON, GARY GOSSELIN,    )
KIM GOSSELIN, FRAN STRUCKHOFF,      )
JOAN STRUCKHOFF and BRIAN TABOR,    )
                                    )
            Defendants.             )


<u>MEMORANDUM AND ORDER</u>


        Defendant J & F Industries, Inc., d/b/a Prestige Pools &

Spas, is the insured under policies of liability insurance issued

by plaintiff American States Insurance Company.  Defendant J & F

has been sued in separate lawsuits in different counties by Kim

Christianson and by Gary & Kim Gosselin, all dissatisfied customers

of Prestige Pools.  American States brings the instant action

seeking a declaratory judgment that its policies afford J & F no

coverage for these claims and that American States has no duty to

defend or to indemnify J & F.

        By naming as defendants here the different parties to the

underlying actions, American States clearly seeks distinct and

separate relief with respect to coverage for the Christianson

lawsuit and coverage for the unrelated Gosselin lawsuit.  Pursuant

Dockets.Justia.com

to Fed.R.Civ.P. 10(b), "[e]ach claim founded upon a separate transaction or occurrence...shall be stated in a separate count...whenever a separation facilitates the clear presentation of the matters set forth."  This has not been done in the instant complaint, which contains no counts and is formulated as one composite claim and request for relief.  Given the two separate and unrelated underlying actions against the insured, questions concerning the propriety of the joinder of these claims arise.

In order to properly join together in one complaint its claims relating to the Christianson lawsuit and the Gosselin lawsuit, each of which is directed to a different set of defendants, American States must satisfy the following provision of Fed.R.Civ.P. 20(a):

> All persons...may be joined in one action as defendants
> if there is asserted against them jointly, severally, or
> in the alternative, any right to relief in respect of or
> arising out of the same transaction, occurrence, or
> series of transactions or occurrences and if any question
> of law or fact common to all defendants will arise in the
> action.

The Court here directs plaintiff to show cause how its joinder of the two distinct claims and sets of defendants in the instant complaint satisfies this rule.  In so doing, plaintiff should discuss how its pleading satisfies the various components of the Rule 20(a) standard, and should cite any available legal authority in support of its interpretation and application of the Rule 20(a) standard.

The complaint identifies the existence of two liability policies for different time periods, and alleges that the insured has made claims for coverage relating to these two lawsuits under the policies (plural), but the language of the complaint is ambiguous as to whether coverage for the Christianson action is claimed under one or both policies and whether coverage for the Gosselin action is claimed under one or both policies. In its response to this show cause order, plaintiff shall identify whether the policy or policies upon which J & F seeks coverage for the Christianson claim and for the Gosselin claim are the same or different.

Accordingly,

**IT IS HEREBY ORDERED** that within twenty (20) days of the date of this order, plaintiff shall show cause, as directed by the Court's memorandum herein, how its complaint in this matter satisfies the joinder requirements of Fed.R.Civ.P. 20(a).


Dated this _____8th___ day of March, 2006.


                              /s/Donald J. Stohr_____
                              UNITED STATES DISTRICT JUDGE




                                  3